## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS (EAST ST. LOUIS)

| | | |
|---|---|---|
| BLACKBURNE & SONS REALTY CAPITAL CORPORATION; | ) ) ) | |
| Plaintiff; | ) ) | |
| v. | ) ) | Case No. 18-cv-1115-NJR-RJD |
| RICK L. ANDERSON; SHEILA ANDERSON; LOYAL E. ANDERSON; L.E. ANDERSON BROS. OIL CO.; BROADWAY ADVANCE LLC; COMPLETE BUSINESS SOLUTIONS GROUP, INC.; and ROC FUNDING GROUP LLC; | ) ) ) ) ) ) ) | <u>Trial Judge</u> Hon. Nancy J. Rosenstengel  <u>Magistrate Judge</u> Reona J. Daly |
| Defendants. | ) | |

## <u>ORDER APPOINTING RECEIVER</u>

This matter comes before the Court on the Motion to Appoint Receiver (Doc. 14) filed by Plaintiff Blackburne & Sons Realty Capital Corporation ("Plaintiff"). Plaintiff seeks the appointment of R. Baker Thompson of RBT Advisors, LLC, as Receiver of the properties that are the subject matter of the above-captioned cause, identified as 407 Market St.; 904–906 W. 4th St.; 415 W. 5th St.; 215 W. 11th St.; 406 E. 5th St.; 223 W. 10th St.; 418 N. Walnut St.; 905 W. 4th St.; 114 N. Cherry St.; and 111 S. Elm St.; all in Mount Carmel, IL 62863 (the "Properties"). Due notice having been given, and the Court being fully advised, the Motion is **GRANTED** and the Court finds as follows:

A.   Plaintiff filed its Complaint to Foreclose Mortgage and for Other Relief (the "Complaint") and its Motion to Appoint Receiver, seeking certain relief including the appointment of receiver pursuant to 735 ILCS 5/15-1701.

B.   As more fully set forth in the Complaint, Rick Anderson, Sheila Anderson, and Loyal Anderson (collectively, the "Defendants") granted to the lenders identified in Exhibit A of the Complaint (the "Lenders")—care of Plaintiff, the Lenders' servicing and enforcement agent—a Mortgage and Assignment of Rents (the "Mortgage") that is held by Plaintiff. The Mortgage granted to Plaintiff a mortgage lien against the Properties identified above and more fully identified in the Complaint.

C.   The right to possession of the Properties by the mortgagee, Plaintiff, is mandatory in nature, authorized by the terms of the Mortgage attached to the Complaint as Exhibit C, as well as by Illinois Mortgage Foreclosure Law.

D.   After review of the Complaint, the Motion to Appoint Receiver, and the Affidavit of Angela I. Vannucci, the court is satisfied that there is a reasonable probability that the Plaintiff will prevail on a final hearing in this cause and, further, that no party has shown good cause why a receiver should not be appointed.

E.   Based on the materials submitted to the Court as Group Exhibit B to the Motion, R. Baker Thompson of RBT Advisors, LLC appears to be qualified, is neither a party nor related to a party hereto, has agreed to the compensation set forth in Section 6(a) herein, is a proper person to act as Receiver herein, and is hereby approved.

THE COURT THEREFORE ORDERS:

1. **Appointment of Receiver and Receivership Property**

a.    Plaintiff's Motion is granted, and R. Baker Thompson of RBT Advisors, LLC whose address is 1000 N. Milwaukee Ave., Suite 205, Chicago, IL 60642 (the "Receiver") is appointed Receiver of the Receivership Property (as defined below) effective upon entry of this Order (the "Effective Date"). The Receiver's duty to act as Receiver is subject to the terms of this Order and as provided in Section 15-1704 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1704).

b.    As of the Effective Date, the Receiver is authorized to direct and take immediate possession and full control of the Receivership Property and to take such other actions as the Receiver deems reasonable and appropriate to take possession, to exercise full control over, to prevent waste, and to preserve, manage, secure, and safeguard the Receivership Property. Neither Defendants nor any other party or entity shall have either possession or control of, or any right to Income (as defined below) derived from the Receivership Property.

c.    The Receiver shall take possession of and receive from all depositories, banks, brokerages, and otherwise (collectively the "Financial Institutions"), any money on deposit in all such Financial Institutions belonging to or arising from the operation of the Receivership Property, whether such funds be in accounts titled in the name of Defendants or not

(but excluding any monies paid to or held by Plaintiff). All Financial Institutions are directed to deliver such deposits to the Receiver and such records as the Receiver may reasonably request with respect to such accounts. The Receiver may indemnify the Financial Institution upon whom such demand is made and is empowered to open or close any such accounts. The Receiver shall deposit monies and funds collected and received in connection with the Receivership Property at a federally insured banking institution or savings association with offices in the State of Illinois that is not a party to this case.

d.      Defendants, their property manager, and all of their respective employees are ordered to cooperate with Plaintiff in the transition of the management of the Receivership Property to the Receiver and on the Effective Date shall turn over to the Receiver all of the following pertaining to the Receivership Property (but only to the extent that such items are in their possession, custody, or control):

> i.      All keys.
>
> ii.      All leases, including all communication and correspondence files.
>
> iii.      Documents pertaining to all pending new leases or renewals.
>
> iv.      A current rent roll.
>
> v.      Tenant contact names and telephone numbers.
>
> vi.      Any occupant ledgers.

vii.    All security deposits, security deposit accounts, and accounting for all security deposits.

viii.    The petty cash fund, if any.

ix.    A current aged account receivable or delinquency report.

x.    An aged listing of all trade payables and other payables.

xi.    A list of historical common area maintenance charges and operating expenses for the Properties.

xii.    A list of utilities and utility accounts.

xiii.    Year-end 2017 operating statement.

xiv.    All on-site employee payroll records and employee files and applications.

xv.    An inventory of all equipment, furniture, vehicles, and supplies maintained on the Properties.

xvi.    All existing service contracts.

xvii.    All pending bids for contractor work.

xviii.    All insurance policies on the Properties and their terms.

xix.    All tenant and vendor insurance certificates.

xx.    Site plans, specifications, floor plans, drawings, measurements, etc. for the Properties.

xxi.    Documents identifying and summarizing all pending litigation (excluding this action).

xxii.    All documents, books, records, computer files, computer equipment, software, management files, equipment, furniture, supplies, and all passwords needed to access such software and computer files, email accounts maintained on the Properties (and all off-site financial records), including, but not limited to, all records concerning the Income, and the operation and management of the Properties.

xxiii.  Any rents or other income derived from the Receivership Property received by Defendants after the Effective Date.

xxiv.  Such other records pertaining to the management of the Receivership Property as may be reasonably requested by the Receiver.

e.  Defendants shall prepare and submit or cause to be prepared and submitted to the Plaintiff and the Receiver an accounting for all Income and security deposits received since the first uncured event of default, which was the nonpayment of a monthly payment on October 1, 2017. This accounting shall be delivered no later than 14 days after the Effective Date.

f.  Defendants and their employees are prohibited from diverting any Income.

g.  Defendants shall fully cooperate with the Receiver in adding the Receiver, management company, and Plaintiff as additional insureds and the Plaintiff as the mortgagee on all insurance relating to the operation and management of the Receivership Property, including but not limited to fire, extended coverage, property damage, liability, fidelity, errors and omissions, and workers' compensation, and modifying the policies if deemed appropriate by the Receiver, but subject to Approval for any modifications to insurance. Defendants and their property managers, employees, and agents are prohibited from cancelling, reducing, or modifying any and all insurance coverage in existence with respect to the Receivership Property.

**2.** **Receiver's Duties and Authority.**

The Receiver shall be vested with and shall discharge the following authority, powers, and duties:

a. To maintain, secure, manage, operate, repair, and preserve the Receivership Property.

b. To change any and all locks to the Receivership Property and, if appropriate, limit access to some or all of the Receivership Property.

c. To assume control over the Receivership Property and to collect and receive all Income.

d. To prepare and maintain complete books, records, and financial reports of the Receivership Property, including but not limited to operating statements, income statements, balance statements, and all other statements prepared for the Receivership Property in a form acceptable to Plaintiff.

e. To allow Plaintiff, its counsel, and appraisers or other independent third-party consultants engaged by Plaintiff or its counsel access to the Receivership Property at all reasonable times to inspect the Receivership Property and all books and records, and to cooperate with Plaintiff, its counsel, appraisers, and other independent third-party consultants to evaluate the Properties.

f. To retain, hire, or discharge on-site employees (none of whom are or shall be deemed to be employees of Plaintiff).

g. To establish pay rates for any on-site employees.

h. To review existing workers' compensation, disability, general liability and "all risks" hazard insurance and to retain, modify, or purchase such insurance and name the Plaintiff and the Receiver as additional insureds, as the Receiver deems appropriate for the Receivership Property's preservation and protection, but subject to Approval.

i. To maintain a separate account with a federally insured banking institution or a savings association with offices in the State of Illinois in the Receiver's own name, as Receiver, from which the Receiver shall disburse all authorized payments as provided in this Order.

j. To receive and endorse checks pertaining to the Receivership Property either in the Receiver's name or in Defendants' names.

k.  To pay all appropriate real estate taxes, personal property taxes, any other taxes, or assessments against the Receivership Property.

l.  To prepare and file any tax returns stemming from the Receivership Property and the operation of the Receivership Property as may be required by law. The Receiver shall not be responsible for the preparation and filing of any tax returns for Defendants (including income, personal property, commercial activity, gross receipts, sales and use or other tax returns) other than to provide Defendants with information in the Receiver's possession that may be necessary for Defendants to prepare and file their tax returns. Defendants shall provide to the Receiver any information needed to file any tax returns for the Receivership Property.

m.  To operate the Receivership Property under any existing name or trade name (or new name, if the Receiver deems appropriate to do so).

n.  To determine and report to the Court and Plaintiff whether any Income previously received by Defendants has been used for purposes other than for the maintenance, management, and expenses of the Properties.

o.  To open and review mail directed to Defendants and their representatives pertaining to the Receivership Property.

p.  To seek assistance of law enforcement officials as necessary to preserve the peace and protect the Receivership Property.

q.  Notwithstanding the foregoing, the Receiver and the Receivership estate shall not be liable for the payment of taxes of any kind, assessments, goods, or services provided to Defendants or the Properties, or utility charges prior to the date of this Order. Any individual or entity receiving a copy of this Order is hereby enjoined and restrained from discontinuing service to the Receiver or the Properties based upon the non-payment of such taxes, assessments, goods, or services, or utilities prior to the date of this Order and from attempting to collect taxes, assessments, invoices, and utility charges from the Receiver predating the date of this Order. Each utility company or entity providing service to the real estate shall forthwith transfer any deposits which it holds to the exclusive control of the Receiver and shall be prohibited from demanding that Receiver deposit additional funds in advance to maintain or secure such service. Furthermore, each public utility is hereby barred from demanding new or additional security deposits when setting up new utility accounts for the Receiver or the Properties.

r.     To enforce, amend, terminate, negotiate, make, and enter into any contract or lease affecting the Receivership Property.

**3.     Receiver's Authority Subject to Approval.**

In carrying out the duties contained in this Order, the Receiver is authorized but not required, and only upon Approval, to:

a.     Engage contractors and skilled trades on a competitive bid basis to complete tenant improvements to the real estate and/or maintain the real estate and to execute such contracts for such purposes as the Receiver deems appropriate, if the aggregate amount will exceed $500, but without Approval for a life-threatening or other health or safety emergency.

b.     Enforce, amend, or terminate any existing contracts affecting the Properties.

c.     Reject any leases or unexpired contracts entered into by Defendants that are burdensome on the Receivership Property.

d.     Execute, cancel, modify, renegotiate, or abrogate all service, maintenance, or other contracts relating to the operations of the Receivership Property, but subject to Approval for contracts in excess of $500. All such contracts are to be terminated upon a sale or disposition of the Receivership Property or termination of the Receivership.

e.     Employ attorneys, accountants, agents, and other professionals as the Receiver may from time to time deem appropriate on such terms and conditions as the Receiver deems appropriate.

f.     Borrow funds for purposes relating to the operations of the Receivership Property. Receiver shall not borrow funds without first providing Plaintiff, by advance written notice, a reasonable opportunity to elect to advance funds required by the Receiver.

g.     Contest, protest, or appeal any ad valorem tax or assessment, real estate tax, personal property tax, or other tax or assessment pertaining to the Receivership Property. Any refund or reimbursement of taxes whether paid by the Receiver or Defendants shall be deemed Income to be applied as provided below.

h.     Defend actions against Defendants related to the Properties and incur expenses to defend such actions to the extent that the Receiver believes,

in its sole discretion, that it will protect and preserve the Receivership Property.

i.      The Receiver is hereby authorized to manage and control the Properties. The Receiver is further authorized to engage a broker, subject to Approval, to list and market the Properties for sale, either jointly or individually.

j.      Execute any and all documents/instruments necessary on behalf of and in the name of Defendants to convey the Properties, jointly or individually, including but not limited to a listing agreement, purchase agreement, a deed, and all required closing documents, with the express understanding that:

     i.      Receiver, on behalf of Defendants, and the purchaser shall have executed and delivered a purchase contract in form and substance acceptable to Plaintiff in its sole discretion, <u>which contract shall be approved by the Court prior to consummating the transaction</u>;

     ii.     Plaintiff shall have received the conveyance proceeds by wire transfer, certified check, or such other manner acceptable to Plaintiff in its sole discretion and all other conditions precedent to sale of the Properties under the terms of the contract have been satisfied; and

     iii.    Receiver shall have timely and strictly performed all covenants and obligations of Receiver hereunder and complied with all conditions required by this Agreement.

**4.      <u>Extent of Receiver's Authority.</u>**

a.      Although the Receiver shall have possession and control of the Receivership Property, the Receiver shall not take title to the Receivership Property. Title to the Receivership Property shall remain in the name of Defendants or their assigns, unless foreclosed upon by the Plaintiff and subsequently sold at judicial sale, in which case title to the real estate will remain in the name of Defendants until the delivery of the Special

Commissioner's Deed, or sold to a third party in accordance with the terms of the Order and approved by the Court.

b.  Without limiting or expanding the foregoing, the Receiver is authorized to exercise all powers generally available and shall be subject to all the duties of a Receiver under the laws of the State of Illinois that may be incidental to the management of the Receivership Property, as described in this Order. The Receiver shall have any additional powers that are provided by law and that the Court may from time to time direct or confirm.

c.  The Receiver shall not take any action that impedes or interferes with a foreclosure of the Mortgage or the foreclosure sale process in carrying out the duties contained in this Order.

d.  The Receiver shall, during the pendency of this action, have the right to apply to this Court for further instructions or directions.

e.  The authority granted to the Receiver is self-executing, unless the action requires Approval. The Receiver is authorized to act on behalf of, and in Defendants' names (or the Receiver's name), as the Receiver deems appropriate without further order of this Court and without personal recourse against the Receiver (subject to the general provisions, below).

f.  All advances to the Receiver by the Plaintiff for the benefit of the Receivership Property, including any advances for working capital or improvements and any other costs and expenses incurred by the Receiver under this Order, shall be deemed protective advances under the Mortgage.

Any such protective advance shall be fully secured by Plaintiff's first priority mortgage lien and security interest against the Receivership Property. Any and all funds advanced by Plaintiff to the Receiver pursuant to this Order shall: (a) be deemed made pursuant to contract; (b) be added to the amount of the indebtedness owed by Defendants and all guarantors to Plaintiff; (c) be deemed secured by the liens and security interests in favor of Plaintiff under the loan documents on the Receivership Property to the same extent and with the same priority as other indebtedness secured by all existing liens and security interests under the loan documents in favor of Plaintiff; and (d) accrue interest at the interest rate provided under the loan documents in favor of Plaintiff. All such funds advanced, including interest on advances, shall be deemed a prior lien before the repayment of any and all other claims against the Receivership Property (except for taxes and assessments having first priority as a matter of law) or proceeds of either of them.

5.      **Receivership Property and Income.**

a.      "Receivership Property" means and includes:

i.      The Properties as identified above and more specifically identified in the Complaint.

ii.      All tangible and intangible property usable in connection with the operations of the Properties, including, without limitation, the Collateral, as that term is defined in the Security Agreement attached to the Complaint as Exhibit D.

iii.      All Income.

iv.      All fixtures, trade fixtures, or tenant improvements of every kind or nature located in or upon or attached to or used or

intended to be used in connection with the operation of the Properties and any buildings, structures, or improvements located on the Properties (to the full extent of Defendants' interest in same).

v.      All permits, licenses, and other contracts and other intangible property pertaining to the Properties the operations of the Properties.

vi.      All trade names and trademarks owned or used by Defendants in connection with the Properties.

vii.      All books, records, accounts, or documents which in any way relate to the Properties and Income.

viii.      All other property, estate, right, title, and interest as described in the Mortgage, Note, and other loan documents.

b.      The term "Income" means, collectively, all cash, cash on hand, checks, cash equivalents, credit card receipts, demand deposit accounts, bank accounts, cash management or other financial accounts, bank or other deposits, and all other cash collateral (all whether now existing or later arising); current and past due earnings, revenues, rents, issues and profits, accounts or accounts receivable (all whether unpaid, accrued, or to become due); all claims to rent, issues, profits, income, cash collateral, and all other gross income derived with respect to the Properties or business operations of the Properties regardless of whether earned before or after entry of this Order. "Income" includes all Income received after October 1, 2017, the date of the first uncured event of default under the Mortgage, that was not either (a) paid to the Plaintiff or (b) used for ordinary and necessary business expense regardless of whether the Income was received on or after the filing of the Complaint.

c. Income shall be applied as follows (but subject to lien rights granted to Plaintiff):

    i. To the Receiver's approved fees and expenses;

    ii. To the current post-Receivership operating expenses, including any on-site employee payroll expenses, any real estate taxes, and any other taxes stemming from the operations of the Properties and use in normal business operations incurred during the Receivership to the extent set forth in the Approved Budget. The Receiver shall not make disbursements other than permitted under the Approved Budget except for:

        (1) life-threatening or other health or safety issues;

        (2) variations on individual line items not exceeding 10% so long as expenses in the aggregate are within 5% of the Approved Budget on a monthly basis; or

        (3) upon Plaintiff's Approval;

    iii. To the loan balance due Plaintiff until paid in full; and

    iv. Any surplus to be held pending further order of the Court.

d. The Receiver shall make interim distributions of Income to Plaintiff after payment of current operating expenses, if the Receiver's "cash on hand" exceeds $10,000.00, unless otherwise agreed in writing by Plaintiff.

**6.**    **Receiver's Compensation, Reports, Accounting, and Bond,**

a. The Receiver's compensation shall be as follows:

    i. For R. Baker Thompson, individually, an hourly receivership fee of $185 per hour.

    ii. For employees of the Receiver that are referred to within RBT Advisors, LLC as "Consultants," an hourly receivership fee of $135 per hour.

iii.     Until such time as a contract is Approved, in accordance with this Order, providing for the retention of a professional management company to manage, operate, and maintain the Properties, the total amount of fees payable to the Receiver shall not exceed $4,000 per month.

iv.     The Receiver's general office administration, accounting, and overhead shall not be charged against the Income or Receivership Property; however, the Receiver shall be reimbursed for its approved out-of-pocket expenses relating to the Properties.

b.     The Receiver's compensation shall be paid (i) first from the Income from the Receivership Property and (ii) next by the Plaintiff, but only to the extent that the Income is insufficient to pay the Receiver's compensation.

c.     Nothing in this Order shall require the Receiver to advance funds other than from Income without a bond or security for payment satisfactory to the Receiver.

d.     Within 30 days after obtaining possession of the Receivership Property, the Receiver shall submit to the Court a list of all personal property, whether tangible or intangible, of which it has taken possession.

e.     By the end of each calendar month, the Receiver shall prepare a financial report (including, without limitation, an income and expense statement, balance sheet, and a cash flow analysis) on a monthly basis, pertaining to the operations of the Receivership Property since the preparation of the previous month's report. The Receiver shall further prepare a proposed operating budget and capital budget for 2018 for the Receivership Property (the "Budget") within 45 days of the Effective Date and

thereafter each December 1 for the succeeding year (collectively, the "Receiver's Reports").

f.     The Budget will be reviewed by the Plaintiff and be subject to Plaintiff's Approval. The Budget as approved shall be the "Approved Budget."

g.     The Receiver shall furnish to the parties' counsel any additional information regarding the Receivership Property as required by law and as may be reasonably requested by them, but the Receiver is authorized to request instructions from this Court should any party request information or documents which are unduly burdensome or expensive to produce, or requested to annoy or harass or for any other improper purpose.

h.     The Receiver shall furnish the Receiver's Report to Plaintiff's counsel at the following addresses:

        i.     If by mail:

> Nicholas S. Maragos
> McFadden & Dillon, P.C.
> 120 S. LaSalle Street, Suite 1920
> Chicago, IL 60603

        ii.     If by email: n.maragos@mcdillaw.com

i.     The Receiver shall post a surety bond from an insurance company licensed to do business in this State in an amount not less than $10,000. The cost of the bond is an expense of the Receivership.

**7.**     **<u>Confidentiality.</u>**

a.     "Confidential Information" means the Receiver's Reports and any other non-public information.

b.     The parties to this action, their counsel, and all those in active concert or participation with them, who receive actual notice of this Order, or otherwise, shall keep all confidential information provided by the Receiver confidential, and all such persons are prohibited from disclosing any confidential information to anyone other than the parties to this action and their counsel without specific order of this Court, except that Plaintiff and its attorneys and agents may provide potential purchasers, consultants, or other appropriate persons with information useful for the marketing, leasing, selling, or management of the Receivership Property.

**8.     Approval.**

a.     Whenever this Order uses the term "subject to Approval" or "Approval," the Approval shall not be deemed given except either (1) by Plaintiff's written consent, either directly by Plaintiff or by its counsel, or (2) by a specific order of approval from this Court.

**9.     Term and Final Accounting.**

a.     This Receivership shall continue until further order of the Court.

b.     The Receiver can be removed either (1) automatically thirty days after the filing of a written demand for removal signed by Plaintiff's counsel and filed with the Court; or (2) in the Court's equitable discretion upon a motion for cause. If the Receiver is removed, a successor receiver can be appointed by a stipulated order on behalf of Plaintiff and Defendants. If

Plaintiff and Defendants cannot agree on a successor receiver, the Court will name a successor receiver by further order after a motion is filed by Plaintiff or Defendants requesting the appointment of a successor receiver.

c.      Immediately upon termination of the Receivership, the Receiver shall turn over to Plaintiff or its designee (including any property manager), all of the Receivership Property unless otherwise ordered by the Court.

d.      Neither the termination of the Receivership nor the Receiver's removal will discharge the Receiver or the Receiver's bond.

e.      The Receiver shall submit a final accounting (with copies to the recipients of the Receiver's Reports as identified above) for approval by the Court within 30 days after the termination of the Receivership or the Receiver's removal.

f.      Only after the Court approves the Receiver's final accounting may the Receiver be discharged and the Receiver's bond be cancelled.

10.      **General Provisions.**

a.      No person or entity shall file suit against the Receiver, or take other action against the Receiver, without an order of this Court permitting a suit or action, provided, however, that no prior Court order is required to file a motion in this action to enforce the provisions of this Order or any other order of this Court in this action.

b.      The Receiver and his employees, agents, and attorneys shall have no personal liability in connection with any liabilities, obligations, liens,

or amounts owed to any of Defendants' creditors because of their duties as Receiver. Nothing in this Order shall grant any rights to trade creditors or general unsecured creditors, whose rights shall be solely determined in accordance with Illinois law.

c. The Receiver and his employees, agents, and attorneys shall have no personal liability and shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, and/or failure to comply with this Court's orders.

d. Defendants, all property managers, and all those in active participation or concert with them who receive notice of this Order, and all those having claims against the Receivership Property, who receive notice of this Order, are enjoined from and shall not:

    i. **Commit Waste**. Commit or permit any waste on all or any part of the Receivership Property, or suffer, commit, or permit any act on all or any part of the Receivership Property in violation of law, or remove, transfer, encumber, or otherwise dispose of any of the Receivership Property.

    ii. **Collect Income**. Demand, collect, receive, discount, or in any other way divert or use any of the Income.

    iii. **Terminate Any Utility Service**. Terminate or withhold any electric, gas, water, sewer, telephone, or other utility service supplying the Receivership Property, require any utility deposit, or otherwise interfere with the continued operations of the Receivership Property.

    iv. **Interfere with the Receiver**. Directly or indirectly interfere in any manner with the discharge of the Receiver's duties

under this Order or the Receiver's possession of and operation or management of the Receivership Property.

> v. **Transfer or Encumber the Receivership Property**. Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal, or in any manner whatsoever deal in or dispose of the whole or any part of the Receivership Property, including but not limited to the Income, without prior court order.

> vi. **Impair the Preservation of the Receivership Property**. Do any act which will, or which will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Receivership Property, including the Income, or the preservation of Plaintiff's interest in the Receivership Property and the Income.

e. The Receiver shall faithfully perform and discharge the Receiver's duties and obey the Court orders.

f. The Receiver is subject to personal jurisdiction of the Court.

g. The Receiver's duty to act as Receiver is subject to the Receiver's written acceptance and approval of the terms of this Order. Upon acceptance, the Receiver shall be bound by each and every term contained in this Order and each and every obligation of the Receiver imposed by this Order.

11. **Amendment of Order.**

a. This Order may be amended for cause after a motion or hearing. This Order may also be amended by agreed order by Plaintiff, Defendants, and the Receiver.

12. **No Prejudice to Foreclosure/Final Order.**

a. This Order shall not prejudice a foreclosure of the Mortgage by Plaintiff, or an action by Plaintiff under any security agreement or the

Uniform Commercial Code with respect to the Receivership Property, or any of Plaintiff's other claims as set forth in the Complaint or any amendments thereto.

**DATED:  July 10, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**